Dennis V. Tobolski, Esq. Informal Opinion County Attorney No. 95-47 County of Cattaraugus 303 Court Street Little Valley, N Y 14755
Dear Mr. Tobolski:
You have asked whether Cattaraugus County may enter a mutual aid agreement with Potter County, Pennsylvania. You note that the Director of the Potter County Department of Emergency Services has contacted your Office of Emergency Services to discuss the feasibility of such an agreement. In a telephone conversation, you indicated that in your county the Office of Emergency Services coordinates the provision of firefighting, ambulance and other emergency service by municipalities within the county. You explain that under the proposed mutual aid agreement, firefighters from fire companies or districts within your county would provide assistance at fires in Potter County. Similarly, local emergency service units would offer emergency service in Potter County in the event of floods, tornadoes or other natural disasters. Potter County units would provide like services in your county. You also ask whether the authorization of county mutual aid plans in General Municipal Law § 209-j includes a plan like the one you propose, which crosses state lines.
We believe your county may enter a mutual aid agreement with Potter County. The authority for such an agreement is contained in provisions other than the one you cite, General Municipal Law § 209-j.
General Municipal Law § 209-j states:
 The board of supervisors in any county may appropriate and expend such sums as it may deem necessary and proper for the establishment and maintenance of a county mutual aid plan in cases of fire and other emergencies in which the services of firemen would be used and may prescribe the method of auditing or approving expenditures under any such appropriation. Expenses incurred by any city, town, village or fire district participating in such mutual aid plan shall be a lawful municipal or fire district charge to be paid in the same manner as other like charges.
As you point out, this statute does not expressly authorize a county mutual aid plan that crosses state lines. It appears that the statute was intended to authorize plans through which various municipalities within a county would provide aid to one another subject to supervision or coordination by the county. See, e.g., Opinions of the State Comptroller, Opn. No. 83-128. Thus, this section does not empower the county to enter a mutual aid agreement with a county from another state.
Other provisions of State law do authorize such agreements. General Municipal Law Article 14-G governs interlocal agreements with governmental units of other states.[1] Section 462 provides:
 1. Any public agency of this state may enter into interlocal agreements with any public agency or agencies of any other state or states providing for any of the following:
 (a) The exchange, furnishing or providing by one or more of the contracting public agencies to one or more of the other contracting public agencies of services, personnel, facilities, equipment, or any other property or resources for any one or more of the following purposes or uses: [Those relevant to your inquiry include:]
(1) Fire prevention and fire fighting
(13) Ambulance service
 (14) Fire and police radio and communication systems
(15) Hospital service
"Public agency" is defined to include "any county, city, town, village, school district, improvement district or district corporation of the State of New York; and any local governmental unit, subdivision or special district of another state. General Municipal Law §461(1).
The statute also contains a limitation in section 462(2):
 Nothing contained in this article shall be construed to authorize or permit any public agency of this state to receive, obtain, furnish or provide services, facilities, personnel, equipment, or any other property or resources, or to engage in or perform any function or activity by means of an interlocal agreement if it does not have constitutional or statutory power or authorization to receive, obtain, furnish or provide the same or substantially similar services, facilities, personnel, equipment, other property or resources, or to engage in or perform the same or a substantially similar function or activity on its own account.
The county may enter into an agreement with a county in another state for only those purposes listed in the statute that the county also has constitutional or statutory authorization to undertake. For example, we previously concluded that a county may maintain a central communication system handling all emergency service calls for towns and fire districts within the county. 1974 Op Atty Gen (Inf) 248. The county, therefore, may enter an agreement to coordinate the provision of emergency communication services outside the county as well as within it, with the agreement of New York State local emergency service providers, who are also authorized by Article 14-G and by General Municipal Law § 209 to answer calls for assistance from a public agency or territory of another state.
We conclude the county may enter a mutual aid agreement with a county from another state pursuant to General Municipal Law Article 14-G, which permits interlocal agreements in specified circumstances.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General
[1] The General Municipal Law sets forth detailed requirements for establishing interlocal agreements. It specifies, among other things, the contents of interlocal agreements, the structure of compensation and the manner in which agreements are to be authorized. General Municipal Law463, 466, 467.